```
                                     United States Bankruptcy Court
                                          District of Arizona
In re:                                                                   Case No. 19-08696-PS
CHRISTOPHER LYNN WILLIAMS                                                Chapter 13
REBECCA SUE WILLIAMS
         Debtors                     CERTIFICATE OF NOTICE
District/off: 0970-2          User: estrellam              Page 1 of 2              Date Rcvd: Jul 16, 2019
                              Form ID: pdf010              Total Noticed: 36


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 18, 2019.
db/jdb         CHRISTOPHER LYNN WILLIAMS,    REBECCA SUE WILLIAMS,    16170 W CHRISTY DRIVE,
                 SURPRISE, AZ 85379-4652
15664795      +Barclays Bank Delaware,    Attn: Correspondence,    Po Box 8801,    Wilmington DE 19899-8801
15664798      +CEP America LLC,    POB 582663,    Modesto CA 95358-0070
15664796      +Caine & Weiner,    Attn: Bankruptcy,    5805 Sepulveda Blvd,    Sherman Oaks CA 91411-2546
15664802      +Costco Anywhere Visa Card,    Attn: Bankruptcy,    Po Box 6500,    Sioux Falls SD 57117-6500
15664807      +Ford Motor,    PO Box 790119,    Saint Louis MO 63179-0119
15664808      +Ford Motor Credit Co. LLC,    c/o Michael E. Bannister CEO,    One American Road,
                 Dearborn MI 48126-2701
15664809      +HC Processing Center,    Attention Bankruptcy,    Po Box 708970,    Sandy UT 84070-8970
15664810      +Helvey & Associates,    1029 East Center St,    Warsaw IN 46580-3420
15664812      +Kohls/Capital One,    Attn: Bankruptcy,    Po Box 30285,    Salt Lake City UT 84130-0285
15664813      +Lake Trust Credit Union,    Attn: Bankruptcy Department,    4605 S. Old Us Highway 23,
                 Brighton MI 48114-7521
15664814      +Lincoln Automotive Financial Services,    Attn: Bankruptcy,    Po Box 542000,
                 Omaha NE 68154-8000
15664815      +Linoln Automotive Financial Services,    Attn: Bankruptcy,    Po Box 542000,
                 Omaha NE 68154-8000
15664817      +Mercury/FBT,    Attn: Bankruptcy,    Po Box 84064,    Columbus GA 31908-4064
15664819      +Progressive,    PO Box 31260,    Tampa FL 33631-3260
15664820      +Sterling Jewelers, Inc.,    Attn: Bankruptcy,    Po Box 1799,    Akron OH 44309-1799
15664824      +Wakefield & Associates,    Attn: bankruptcy,    7005 Middlebrook Pike,    Knoxville TN 37909-1156
15664825      +Wakefield & Associates,    Attn: Bankruptcy,    10800 E Bethany Dr,    Aurora CO 80014-2697
15664794      +banner Health,    POB 42008,    Phoenix AZ 85080-2008
15664806      +express urgent PC,    POB 2059,    Sun City AZ 85372-2059

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: bankruptcynotices@azdor.gov Jul 17 2019 01:57:12     AZ DEPARTMENT OF REVENUE,
                 BANKRUPTCY & LITIGATION,    1600 W. MONROE, 7TH FL.,    PHOENIX, AZ 85007-2650
15664793      +E-mail/Text: bankruptcynotices@azdor.gov Jul 17 2019 01:57:13     Arizona Department of Revenue,
                 c/o Tax, Bankruptcy, and Collections,    1275 W. Washington Ave,    Phoenix AZ 85007-2926
15664797      +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jul 17 2019 02:00:39      Capital One,
                 Attn: Bankruptcy,    Po Box 30285,    Salt Lake City UT 84130-0285
15664800      +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Jul 17 2019 01:57:59      Comenity Bank/Kay Jewelers,
                 Attn: Bankruptcy Dept,    Po Box 182125,    Columbus OH 43218-2125
15664801      +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Jul 17 2019 01:57:59      Comenity Bank/Wayfair,
                 Attn: Bankruptcy Dept,    Po Box 182125,    Columbus OH 43218-2125
15664799      +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Jul 17 2019 01:57:59      Comenity Bank/ctpr&bks,
                 Attn: Bankruptcy,    Po Box 182125,    Columbus OH 43218-2125
15664803      +E-mail/PDF: creditonebknotifications@resurgent.com Jul 17 2019 02:00:05      Credit One Bank,
                 Attn: Bankruptcy Department,    Po Box 98873,    Las Vegas NV 89193-8873
15664804       E-mail/Text: mrdiscen@discover.com Jul 17 2019 01:57:25     Discover Financial,
                 Attn: Bankruptcy Department,    Po Box 15316,    Wilmington DE 19850
15664805      +E-mail/Text: bankruptcy.bnc@ditech.com Jul 17 2019 01:57:55     Ditech,    Attn: Bankruptcy,
                 Po Box 6172,    Rapid City SD 57709-6172
15664811       E-mail/Text: cio.bncmail@irs.gov Jul 17 2019 01:57:43     IRS,    Central Insolvency Operations,
                 PO Box 7346,    Philadelphia PA 19101-7346
15664816      +E-mail/PDF: resurgentbknotifications@resurgent.com Jul 17 2019 02:00:28
                 LVNV Funding/Resurgent Capital,    Attn: Bankruptcy,    Po Box 10497,    Greenville SC 29603-0497
15665099      +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jul 17 2019 02:00:02
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
15664821      +E-mail/PDF: gecsedi@recoverycorp.com Jul 17 2019 01:59:58     Synchrony Bank/Pearle,
                 Attn: Bankruptcy Dept,    Po Box 965060,    Orlando FL 32896-5060
15664822      +E-mail/PDF: gecsedi@recoverycorp.com Jul 17 2019 02:00:16     Synchrony Bank/TJX,
                 Attn: Bankruptcy,    Po Box 965060,    Orlando FL 32896-5060
15664823      +E-mail/PDF: gecsedi@recoverycorp.com Jul 17 2019 01:59:59     Synchrony Bank/Walmart,
                 Attn: Bankruptcy,    Po Box 965060,    Orlando FL 32896-5060
15664818      +E-mail/Text: mmrgbk@miramedrg.com Jul 17 2019 01:58:15     miramed revenue group,    Dept 77304,
                 POB 77000,    Detroit MI 48277-2000
                                                                                               TOTAL: 16

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*           +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                             TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

```
                ***** BYPASSED RECIPIENTS (continued) *****
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 18, 2019                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 15, 2019 at the address(es) listed below:
              EDWARD J. MANEY    courtecf@maney13trustee.com
              THOMAS ADAMS MCAVITY    on behalf of Debtor CHRISTOPHER LYNN WILLIAMS tom@nwrelief.com,
               melissa@nwrelief.com
              THOMAS ADAMS MCAVITY    on behalf of Joint Debtor REBECCA SUE WILLIAMS tom@nwrelief.com,
               melissa@nwrelief.com
              U.S. TRUSTEE    USTPRegion14.PX.ECF@USDOJ.GOV
                                                                                             TOTAL: 4
```

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

In re
**Christopher Lynn Williams**
**Rebecca Sue Williams**

Debtor(s).

Case No.

**CHAPTER 13 PLAN**

☑ Original
☐ Amended
☐ Modified
☐ Payments include post-petition mortgage payments
☑ Flat Fee/Administrative Expense
☐ Hourly Fee/Administrative Expense

This Plan[1] includes the following (check all that are applicable):

☑ A limit on the amount of a secured claim, which may result in a partial payment or no payment to the secured creditor. See Section (C)(5)(b).
☐ Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest. See Section (C)(5)(c).
☐ Nonstandard Provisions. See Section (H).

**Your rights may be affected by this Plan. Your claim may be reduced, modified or eliminated. If you object to the treatment of your claim as proposed in this Plan or to any provision of this Plan, you must file a written objection by the deadline set forth below. The Bankruptcy Court may confirm this Plan without further notice if no objection is filed and the order is approved by the Trustee. See Bankruptcy Rule 3015 and Local Rule 2084-13.**

This Chapter 13 Plan is proposed by the above Debtor[2]. The Debtor certifies that the information contained in this Plan is accurate. A creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an objection to the Plan and serve copies on the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 14 days after the date set for the first meeting of creditors, or any continuation of such meeting, or 28 days after service of the Plan, whichever is later. See Local Rule 2084-9.
This Plan does not allow claims or alter the need for timely filing any claim. For a creditor to receive a distribution for an unsecured claim, the creditor must file a proof of claim with the Court.

If confirmed, the Plan will modify the rights and duties of the Debtor and creditors, except secured creditors will retain their liens until the earlier of payment of the underlying debt or Debtor's discharge under 11 U.S.C. § 1328[3]. If the case is dismissed or converted to another chapter (for example, Chapter 7) without completion of the Plan, each lien shall be retained to the extent recognized by applicable non-bankruptcy law.

Pre-petition defaults will be cured using the interest rate set forth in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

☐ This is an Amended or Modified Plan.

The reason(s) why Debtor filed this Amended or Modified Plan:

Summarize how the Plan varies from the last Plan filed:

**(A) Plan Payments and Property to be Submitted to the Trustee.**

---
[1] "Plan" includes the original plan and any amended or modified plan.
[2] If this is a joint case, then "Debtor" means both Debtors.
[3] "Code" means the United States Bankruptcy Code, 11 U.S.C. § 101 et. seq.

Plan payments start on . The Debtor shall pay the Trustee as follows:

$**1000** each month for month **1** through month **60**.

The proposed plan duration is **60** months. The applicable commitment period is **60** months.
See Code § 1325(b)(4). In addition to plan payments and, if applicable, mortgage conduit payments, Debtor will submit the following property to the Trustee:

**(B) Trustee's Percentage Fee.** The Trustee shall collect upon receipt a percentage fee from all plan payments (including mortgage payments) and property received, not to exceed 10%.

**(C) Administrative Expenses and All Claims.**

(1) Until the Court confirms the Plan the Trustee will make adequate protection payments under Section (C)(1)(a) below, mortgage conduit payments under Section (C)(1)(b), if applicable, and pay other sums as ordered by the Court. Other disbursements will be made after the Court confirms the Plan. Unless otherwise provided for in Section (H) below, disbursements by the Trustee shall be pro rata within classes and made in the following order:

(a) *Adequate protection payments to creditors secured by personal property.*

☐ None. *If "None" is checked, the rest of Section (C)(1)(a) is not to be completed.*

Pursuant to Local Rule 2084-6, the Trustee is authorized to make monthly pre-confirmation adequate protection payments to a secured creditor without a Court order, provided the claim is properly listed on Schedule D, a secured proof of claim is filed that includes documentation evidencing a perfected security agreement, and the Debtor or creditor sends a letter to the Trustee requesting payment. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, adequate protection payments will continue until the claim is paid in full, <u>unless</u> the confirmed Plan or a Court order specifies a different treatment. If a creditor disagrees with the amount of the proposed adequate protection payments or the Plan fails to provide for such payments, the creditor may file an objection to confirmation of this Plan and/or file a motion pursuant to Code §§ 362 or 363.

| Creditor | Property Description | Collateral Value | Monthly Amount |
|---|---|---|---|
| **Comenity Bank/Kay Jewelers** | jewelry | $6,000.00 | $55 |
| **Lake Trust Credit Union** | 2012 Ford F150 Supercab 127,000 miles | $19,000.00 | $200 |
| **Lincoln Automotive Financial Services** | 2015 Ford Escape 58000 miles Good Condition | $19,000.00 | $200 |

☐ **Nonstandard Provisions.** See Section (H)

(b) *Mortgage Conduit Payments.*

☑ None.

The Trustee shall disburse Conduit Payments to a Real Property Creditor without regard to whether the Court has confirmed a Plan or the Real Property Creditor has filed a proof of claim. See Section (C)(4)(c) and Local Rule 2084-4.

(2) *Administrative expenses.* Code § 507(a)(2).

(a) *Attorney fees.* Debtor's attorney has agreed to:

☑ A flat fee of $ **4500** , of which $ **74.00** was paid before the filing of the case (See Local Rule 2084-3); **or**

☐ File a fee application for payment of a reasonable amount of fees. The estimated amount of fees to be paid by the Trustee, subject to Court order, is $____, of which $____ was paid before the filing of the case.

(b) *Additional Services.* Counsel for the Debtor has agreed to charge a flat fee for the following additional services provided to the Debtor:

(i) Before Confirmation:
- ☐ Adversary proceedings $.
- ☐ Lien Avoidance Actions $.
- ☐ Preparing and filing of any motion to sell property $.
- ☐ Other Flat Fees for $.

(ii) After Confirmation
- ☑ Preparing and filing of Modified Plan $**750**.
- ☑ Responding to motion to dismiss and attendance at hearings $750.
- ☑ Defending motion for relief from the automatic stay $750.
- ☐ Adversary proceedings $.
- ☐ Lien Avoidance Actions $.
- ☐ Preparing and filing of any motion to sell property $.
- ☐ Other Flat Fees for $.

All other additional services will be billed at the rate of $330 per hour for attorney time and $160 per hour for paralegal time. Counsel will file and notice a separate fee application detailing the additional fees and costs requested. Counsel will include all time expended in the case in the separate fee application.

**(c)** *Other Professional Expenses*:

[ ]

**(3)** *Leases and Unexpired Executory Contracts*.

☑ **None.** *If "None" is checked, the rest of Section (C)(3) is not to be completed*.

Pursuant to Code § 1322(b), the Debtor assumes or rejects the following lease or unexpired executory contract. For a lease or executory contract with sums owing, the arrearage will be cured by periodic plan payments. Unless the Court orders otherwise, the arrearage amount shall be the amount stated in the creditor's allowed proof of claim.

**(a)** *Assumed*.

No interest will be paid on the prepetition arrearage unless otherwise stated in Nonstandard Provisions at Section (H). A creditor identified in this paragraph may mail to the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without such being a violation of the automatic stay.

| Creditor | Property Description | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|---|
| | | | |

☐ **Nonstandard Provisions.** See Section (H)

**(b)** *Rejected*.

| Creditor | Property Description |
|---|---|
| | |

☐ **Nonstandard Provisions.** See Section (H)

**(4)** *Creditors with a Security Interest in Real Property*.

☑ **None.** *If "None" is checked, the rest of Section (C)(4) is not to be completed*.

**(a)** *Claim Wholly Unsecured*. The Debtor considers any real property creditor listed below to have an unsecured claim under Code § 506(a) as senior liens are greater in amount than the value of the real property. Unless disallowed or otherwise ordered, each of the following shall be classified as a wholly unsecured claim under Section (C)(7) below. This provision shall not alter the status of a claim otherwise entitled to be classified as a priority under Code § 507(a)(8).

| Creditor | Property Description | Value of Collateral | Total Amount of Liens with Greater Priority |
|---|---|---|---|
| -NONE- | | | |

**(b)** *No Pre-Petition Mortgage Arrears.* To the extent there are no pre-petition arrears, regular post-petition mortgage payments shall be paid directly by the Debtor to the secured creditor.

| Creditor | Property Address | Post-Petition Payments by Debtor |
|---|---|---|
| -NONE- | | |

**(c)** *Curing of Default and Maintenance of Payments.* Prepetition arrearages, including fees and costs, as well as the regular post-petition payments shall be paid through the Plan by the Trustee. No interest will be paid on the prepetition arrearage unless otherwise stated in Nonstandard Provisions. Unless the Court orders otherwise, the arrearage amount shall be the amount stated in the creditor's allowed proof of claim.

A creditor identified in this paragraph may mail the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without violating the automatic stay.

| Creditor or Property Servicing Agent | Property Description | Current Monthly Payment | Estimated Arrearage Amount Owed | Arrearage Amount Owed Through | Interest Rate, if applicable (i.e., HOAs) |
|---|---|---|---|---|---|
| -NONE- | | | | | |

☐ **Nonstandard Provisions**. See Section (H).

**(5)** *Claims Secured by Personal Property or a Combination of Real and Personal Property.*

☐ **None**. *If "None" is checked, the rest of Section (C)(5) is not to be completed.*

Claims under paragraphs (a) and (b) that are included in the plan payment will be paid concurrently and pro rata.

**(a)** *Unmodified Secured Claims.*

☑ **None**. *If "None" is checked, the rest of Section (C)(5)(a) is not to be completed.*

A claim stated in this subparagraph (i.e. 910 claims) will be paid in full under the Plan with interest at the rate stated below, which may vary from the contract interest rate. Unless otherwise ordered, the principal amount to be paid will be as stated in the creditor's proof of claim. The holder of a claim will retain the lien until the earlier of payment of the underlying debt determined under nonbankruptcy law or discharge under Code § 1328, at which time the lien will terminate and shall be released by the creditor. Federal tax liens shall continue to attach to property excluded from the bankruptcy estate under Code § 541(c)(2) until the Internal Revenue Service is required to release the liens in accordance with nonbankruptcy law.

| Creditor | Property Description | Estimated Amount to Be Paid on Secured Claim | Proposed Interest Rate |
|---|---|---|---|
| | | | |

☐ This debt has nonfiling codebtor(s) other than a spouse.
    Name(s) of other individual(s) liable: ____
    Post-petition payments to be made by: ☐ Trustee; or
        ☐ Nonfiling codebtor.

☐ **Nonstandard Provisions**. See Section (H).

**(b)** *Modified Secured Claims.*

☐ **None.** *If "None" is checked, the rest of Section (C)(5)(b) is not to be completed.*

Secured creditors listed below shall be paid the amount shown below as the Amount to Be Paid on Secured Claim, with such amount paid through the Plan payments. If the Plan proposes to pay a Secured Claim less than the amount asserted in the proof of claim, then the holder of the Secured Claim must file a timely objection to the Plan. If the principal amount of the creditor's proof of claim is less than the Amount to Be Paid on Secured Claim, then only the proof of claim amount will be paid. If a creditor fails to file a secured claim or files a wholly unsecured claim, the debtor may delete the proposed payment of a secured claim in the order confirming plan. The holder of a timely filed secured claim will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under § 1328, at which time the lien will terminate and shall be released by the creditor. Any proposed adequate protection payments are provided for in Section (C)(1)(a) above.

| Creditor and Property Description | Debt Amount | Value of Collateral and Valuation Method | Amount to Be Paid on Secured Claim | Proposed Interest Rate |
|---|---|---|---|---|
| **Comenity Bank/Kay Jewelers** jewelry | $6,000.00 | $6,000.00 | $6,000.00 | 6% |
| **Lake Trust Credit Union** 2012 Ford F150 Supercab 127,000 miles | $18,944.00 | $19,000.00 | $18,944.00 | 5% |
| **Lincoln Automotive Financial Services** 2015 Ford Escape 58000 miles Good Condition | $17,921.00 | $19,000.00 | $17,921.00 | 2% |

☐ **Nonstandard Provisions.** See Section (H).

**(c) Lien Avoidance.**

☑ **None.** *If "None" is checked, the rest of Section (C)(5)(c) is not to be completed.*

The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under Code § 522(b). Unless ordered otherwise, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Section (C)(7) to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See Code § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien. All information for the avoidance of the lien(s) must be provided.*

| Information regarding judicial lien or security interest | Information regarding calculation of lien avoidance and treatment of remaining secured claim |
|---|---|

**(6) *Priority, Unsecured Claims, Other Than Debtor's Attorney Fees.***

☐ **None.** *If "None" is checked, the rest of Section (C)(6) is not to be completed.*

All allowed claims entitled to priority treatment under § 507 shall be paid in full, pro rata:

**(a) *Unsecured Domestic Support Obligations.*** The Debtor shall remain current on such obligations that come due after filing the petition. Unpaid obligations before the petition date are to be cured in the plan payments. The amount to be paid will be adjusted to the creditor's allowed claim amount, through the claim process. If the holder of a domestic support obligation disagrees with the treatment proposed in this Plan, the holder must file a timely objection.

| Creditor | Estimated Arrearage |
|---|---|

**(b)** Other unsecured priority claims.

| Creditor | Type of Priority Debt | Estimated Amount |
|---|---|---|

| Creditor | Type of Priority Debt | Estimated Amount |
|---|---|---|
| Arizona Department of Revenue | 11 U.S.C. 507(a)(8) | $0.00 |
| IRS | 11 U.S.C. 507(a)(8) | $0.00 |

☐ **Nonstandard Provisions**. See Section (H).

(7) *Nonpriority, Unsecured Claims.* Allowed unsecured, nonpriority claims shall be paid pro rata the balance of payments, if any, under the Plan. The amount to be paid or actually paid may differ from the Plan Analysis, depending on the Plan confirmation process and claims allowance.

☐ **Nonstandard Provisions.** See Section (H).

**(D) Surrendered Property.**

☑ **None.** *If "None" is checked, the rest of Section (D) is not to be completed.*

Debtor surrenders the following property to the secured creditor. Upon confirmation of this Plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral to be surrendered. Any claim filed by such creditor shall receive **no** distribution until the creditor files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Should the creditor fail to file an amended deficiency claim consistent with this provision, the Trustee need not make any distributions to that creditor.

| Entity | Brief Description of Property |
|---|---|
| | |

**(E) Vesting.** Except as stated in this paragraph, property of the estate shall vest in the Debtor upon confirmation of the Plan.

☐ The following property shall vest in the Debtor upon Plan completion:

| Brief Description of Property |
|---|
| |

☐ **Nonstandard Provisions.** See Section (H).

**(F) Tax Returns.** While the case is pending, the Debtor shall provide to the Trustee a copy of any post-petition tax return within 14 days after filing the return with the tax agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except:

| Unfiled Tax Returns |
|---|
| |

**(G) Funding Shortfall.** Debtor will cure any funding shortfall before the Plan is deemed completed.

**(H) Nonstandard Provisions.** Any Nonstandard Provision included herein must not be inconsistent with the Code or Local Rules and must identify the provision of the Plan being modified, the proposed modification and the justification for the modification. The Debtor submits the following provisions that vary from Section (C) of the Local Plan Form:

☑ **None.** *If "None" is checked, the rest of Section (H) is not to be completed.*
☐ Provide the detail required above.

| Nonstandard Provisions |
|---|
| |

**(I)** **Plan Summary**. If there are discrepancies between the Plan and this Plan Analysis, the provisions of the confirmed Plan control.

| | | | |
|---|---|---|---|
| (1) | Trustee's compensation (10% of Total plan payments to Trustee) | $ | **6,000.00** |
| (2) | Administrative Expenses (§(C)(2)) | $ | **4,426.00** |
| (3) | Leases and Executory Contracts (§(C)(3)) | $ | **0.00** |
| (4) | (a) Conduit Mortgage Payments (§ (C)(4)(c)) | $ | **0.00** |
| (4) | (b) Arrearage Claims Secured Solely by Real Property (§ (C)(4)(c)) | $ | **0.00** |
| (5) | (a) Claims Secured by Personal Property or Combination of Real & Personal Property (§ (C)(5)) - Unmodified. | $ | **0.00** |
| (5) | (b) Claims Secured by Personal Property or Combination of Real & Personal Property (§ (C)(5)) - Modified. | $ | **47,501.64** |
| (6) | Priority Unsecured Claims (§(C)(6)) | $ | **0.00** |
| (7) | Unsecured Nonpriority Claims (§ (c)(7)) | $ | **0** |
| (8) | Total of Plan Payments to Trustee | $ | **60,000.00** |

**(J)** **Section 1325 Analysis.**

(1) Best Interest of Creditors Test:

| | | | |
|---|---|---|---|
| (a) | Value of Debtor's interest in nonexempt property | $ | **0** |
| (b) | Plus: Value of property recoverable under avoidance powers | $ | **0.00** |
| (c) | Less: Estimated Chapter 7 administrative expenses | $ | **0** |
| (d) | Less: Amount payable to unsecured, priority creditors | $ | **0.00** |
| (e) | Equals: Estimated amount payable to unsecured, nonpriority claims if Debtor filed Chapter 7 | $ | **0** |

(2) Section 1325(b) Analysis:

| | | | |
|---|---|---|---|
| (a) | Monthly Disposable Income, Form B122C-2, (if less than $0, then state $0) | $ | **-33.97** |
| (b) | Applicable Commitment Period | $ | **60** |
| (c) | Total of Line 2(a) amount x **60** | $ | **-2,038.20** |

(3) Estimated Payment to Unsecured, Nonpriority Creditors Under Plan $ **0**

**Certification by Debtor(s) and Attorney for Debtor(s): No changes were made to the Model Plan, other than the possible inclusion of relevant Nonstandard Provisions in Section (H).**

Dated: **July 13, 2019**

**/s/ Christopher Lynn Williams**  
**Christopher Lynn Williams**  
Debtor

**/s/ Rebecca Sue Williams**  
**Rebecca Sue Williams**  
Debtor

**/s/ Tom McAvity**  
**Tom McAvity**  
Attorney for Debtor  
**Phoenix Fresh Start Bankruptcy Attorneys**  
**4742 N. 24th Street**  
**#300**  
**Phoenix, AZ 85016**  
**602-598-5075 Fax: 1-866-241-4176**  
**tom@phoenixfreshstartbankruptcy.com**

Local Form 2084-4 (12/17)  
Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

Chapter 13 Plan

Page 7  
Best Case Bankruptcy

Case 2:19-bk-08696-PS   Doc 12   Filed 07/16/19   Entered 07/18/19 22:01:27   Desc
Imaged Certificate of Notice    Page 9 of 9